E-FILED
Monday, 04 February, 2013 02:51:36 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| SUSAN STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. 11-cv-3162 |
| | ) | |
| DEWITT COUNTY, ILLINOIS; Et. Al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

NOW COMES the Defendant, ILLINOIS STATE TROOPER RYAN BUEHNERKEMPER, (hereinafter "Buehnerkemper"), by and through his attorney, Lisa Madigan, Attorney General of the State of Illinois, and for his Memorandum of Law in Support of Motion to Compel, states as follows:

## BACKGROUND FACTS

1. On December 19, 2012, Buehnerkemper served Defendant Buehnerkemper's First Request for Plaintiff to Produce Documents and Defendant Buehnerkemper's First Interrogatories Directed to Plaintiff on Plaintiff's counsel, David L. Blunt (hereafter "Blunt") at Blunt Slocomb, LTD, P.O. Box 373, Edwardsville, IL 62025. These documents are attached as Exhibit 1.

2. After agreeing to a one-week extension, the undersigned received responses on January 25, 2013. However, most of the responses included improper objections and no meaningful response whatsoever. The responses are attached as Exhibit 2.

3. On January 29, 2013, Defendant Buehnerkemper's counsel hand-delivered a letter to Blunt and Plaintiff's other counsel, Brent Welder (hereafter "Welder"), indicating

discovery responses were incomplete and stated improper objects. The Rule 37 letter is attached as Exhibit 3.

4. To compound the prejudice Plaintiff's unresponsiveness has caused, on January 29, 2013, and during the deposition of co-Defendant Kathy Weiss, Plaintiff's counsel questioned Weiss about documents that neither defendant nor their counsel had seen before. These documents should have been produced in response to Defendant's discovery requests.

5. On January 30, 2013, the undersigned raised the improper discovery responses with Welder, who responded that the undersigned "should start drafting his motion to compel now."

6. Despite Welder's assertion, Plaintiff's counsel was given until February, 1, 2013, to supplement discovery responses.

7. To date, Plaintiff's counsel has refused to respond to discovery in any meaningful way and asserts improper objections in order to avoid responding.

8. Discovery closes on February 8, 2013.

9. Dispositive motions are due March 22, 2013.

## ARGUMENTS

## A. REQUESTS FOR PRODUCTION OF DOCUMENTS

### 1. Plaintiff Should Be Compelled to Respond to Request to Produce Nos. 1, 2, 3, 4, 7, 8, 10, 11, 14, 15, 16, 18, 19, 20, 21, 22, 23 and 24 and or Provide a Detailed Privilege Log.

In Request Nos. 1, 2, 3, 4, 7, 8, 10, 11, 14, 15, 16, 18, 19, 20, 21, 22, 23, and 24 Buehnerkemper requested that Plaintiff produce various documents related to this matter.

Ex. 1. In these requests for documents, Plaintiff objected, *inter alia*, on the basis of attorney-client privilege. Ex. 2.

Buehnerkemper also requested in Request to Produce No. 24: "If you or your attorney claim a privilege to any document(s) responsive to the requests herein, produce a privilege log, identifying the document in some manner (i.e., by Bates stamp number or other means); the reason for the claimed privilege; when the document was made; who authored the document; who has seen the document; and the location of the document (if a document has been copied, state the location of all copies)."

To date, Plaintiff has not produced a privilege log.

All documents withheld based on a claimed privilege must be listed in a privilege log. *See Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 664 (The party asserting a privilege is required to assert its claim of the work product privilege on a document-by-document basis and may not rely upon a blanket claim of privilege for all documents contained in its file.).

Finally, Federal Rule of Civil Procedure 26(B)(5) provides:

> "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (I) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Plaintiff has not complied with Federal Rule of Civil Procedure 26(B)(5) in that she first made a blanket claim of attorney-client privilege. *See* Ex. 2. Secondly, and assuming a privilege applies, Plaintiff has failed to provide Defendant with a detailed privilege log as

required under Federal Rule 26(B)(5), and has further not responded to Defendant's specific request to provide one. Therefore, Plaintiff should be compelled to respond to Defendant's Request to Produce Request Nos. 1, 2, 3, 4, 7, 8, 10, 11, 14, 15, 16, 18, 19, 20, 21, 22, 23, and 24 or, and if a privilege applies, produce a detailed privilege log as requested.

Defendant objects to Plaintiff's practice of using documents during depositions that have never been seen, despite having been requested, during depositions.

**2. Plaintiff Should Be Compelled to Respond to Request to Produce No. 19.**

In Request No. 19, Buehnerkemper requested Plaintiff produce all accountings of the time plaintiff's attorney claims is attributable to this litigation. In responding, plaintiff did not need to identify the subject matter of the hours claimed. Ex. 1. Plaintiff responded "Objection to the extent that this request is overly broad, unduly burdensome, not likely to lead to the discovery of admissible evidence, and requests privileged documents. Subject to objection, if necessary these documents will be provided prior to trial." Ex. 2.

Plaintiff has asked the Court to award her costs. *See* Amended Complaint, Doc. #30 p. 13. As a result, costs are relevant to this matter. Additionally, the attorney-client privilege protects only confidential communications by a client to an attorney made in order to obtain informed legal assistance. *Fisher v. United States*, 425 U.S. 391, 403 (1976). As a general principle, "information regarding a client's fees is not protected by the attorney-client privilege because the payment of fees is not a confidential communication between the attorney and the client." *Matter of Witnesses Before Special March 1980 Grand Jury*, 729 F.2d 489, 491 (7th Cir. 1984); *Matter of Walsh*, 623 F.2d 489, 494 (7th Cir.), cert. denied,

449 U.S. 994 (1980). Payment of fees is incidental to the attorney client relationship and does not usually involve the disclosure of confidential communications arising from the professional relationship. *Matter of Witnesses*, 729 F.2d at 491. Therefore, a request that Plaintiff produce all accountings of the time plaintiff's attorney claims is attributable to this litigation is quite reasonable. Plaintiff should be compelled to produce this information.

**3. Plaintiff Should Be Compelled to Respond to Request to Produce No. 20.**

In Request No. 20, Buehnerkemper requested Plaintiff produce true and accurate copies of all costs and expenses incurred by the Plaintiff or any law firm that has represented it as a result of prosecuting the case at bar. Ex. 1. Plaintiff responded "Objection to the extent that this request is overly broad, unduly burdensome, not likely to lead to the discovery of admissible evidence, and requests privileged documents. Subject to objection, if necessary these documents will be provided prior to trial." Ex. 2.

Again, Plaintiff has asked the Court to award her costs. *See* Amended Complaint, Doc. #30 p. 13. As a result, costs are relevant to this matter. Additionally, the attorney-client privilege protects only confidential communications by a client to an attorney made in order to obtain informed legal assistance. *Fisher v. United States*, 425 U.S. 391, 403 (1976). As a general principle, "information regarding a client's fees is not protected by the attorney-client privilege because the payment of fees is not a confidential communication between the attorney and the client." *Matter of Witnesses Before Special March 1980 Grand Jury*, 729 F.2d 489, 491 (7th Cir. 1984); *Matter of Walsh*, 623 F.2d 489, 494 (7th Cir.), cert. denied, 449 U.S. 994 (1980). Payment of fees is incidental to the attorney client relationship and does not usually involve the disclosure of confidential

communications arising from the professional relationship. *Matter of Witnesses*, 729 F.2d at 491. Therefore, a request for true and accurate copies of all costs and expenses incurred by the Plaintiff or any law firm that has represented her as a result of prosecuting this case at bar is quite reasonable. Plaintiff should produce this information.

**4. Plaintiff Should Be Compelled to Respond to Request to Produce No. 21.**

In Request No. 21, Buehnerkemper requested Plaintiff produce “true and accurate copies of all contracts that Plaintiff has with any attorney representing it in the case at bar.” Ex. 1. Plaintiff responded “Objection to the extent that this request is overly broad, unduly burdensome, not likely to lead to the discovery of admissible evidence, and requests privileged documents.” Ex. 2.

First, Plaintiff has asked the Court to award her costs. See Amended Complaint, Doc. #30 p. 13. Any contracts with Plaintiff are relevant to determining whether Plaintiff’s attorney’s fees and costs are reasonable. Second, the attorney-client privilege protects only confidential communications by a client to an attorney made in order to obtain informed legal assistance. *Fisher v. United States,* 425 U.S. 391, 403 (1976). The attorney-client privilege is strictly construed, *Radiant Burners, Inc. v. American Gas Ass’n.,* 320 F.2d 314, 323 (7th Cir.1963), since courts agree that the scope of discovery should be broad in order to aid in the search for truth. *United States v. White,* 950 F.2d 426, 430 (7th Cir. 1991); *Allendale Mut. Ins. Co. v. Bull Data Sys. Inc.,* 152 F.R.D. 132, 135 (N.D. Ill.1993). The Seventh Circuit has adopted Professor Wigmore’s formulation of the attorney-client privilege: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in

confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. The burden is on the party claiming the privilege to prove each element. *White*, 950 F.2d at 430.

Any contracts that Plaintiff has with any attorney representing her in the case at bar certainly would not be a document where legal advice was sought or where legal advice was given. Moreover, Plaintiff has produced no privilege log. Therefore, true and accurate copies of all contracts that Plaintiff has with any attorney representing it in the case at bar should be produced. This information is likely to lead to relevant admissible evidence in the event Plaintiff were awarded costs. In the alternative, the Court should strike Plaintiffs claims for attorney's costs and fees.

## B. INTERROGATORY REQUESTS

### 1. Plaintiff Should Be Compelled to Respond to Interrogatory No. 1.

In Interrogatory No. 1, Buehnerkemper asks, "State the full name (including any aliases and dates of those aliases), addresses, the dates of birth, and driver's license numbers of all persons who assisted in drafting responses and/or responding to the interrogatories." Ex. 1. Plaintiff responded, *inter alia*, "and her attorneys" without providing names, addresses, dates of birth, and driver's license numbers. Ex. 2. Plaintiff response is incomplete and should be responded to.

### 2. Plaintiff Should Be Compelled to Respond to Interrogatory Nos. 2, 3, 4, 5, 6, 7, and 8.

In Interrogatories 2 though 8, Buehnerkemper asked various questions regarding what facts witnesses will testify about and what facts Plaintiff uses to support her claims. Ex. 1. Instead of responding to these interrogatories, Plaintiff has submitted a

non-responsive paragraph filled with blanket and unfounded objections and simply referred Buehnerkemper back to the complaint. Ex. 2. Plaintiff failed to responded to such standard interrogatories in any meaningful way.

First, referring Buehnerkemper back to the allegations in the complaint is entirely insufficient, improper, and non-responsive. *See Profile Gear Corp. v. Foundry Allied Industries, Inc.*, 937 F.2d 351, 352 (7th Cir. 1991) (interrogatory answers of "see complaint" were evasive and sanctionable).

Secondly, the assertion that these interrogatories are premature because Plaintiff has not completed her factual investigation is not an appropriate objection to an interrogatory under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 11(b) states that by presenting Plaintiff's Complaint to the Court, Plaintiff has certified that the factual contentions in the Complaint have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. F. R. Civ. P. 11(b)(2). Plaintiff's objection is not appropriate because Plaintiff may answer these interrogatories subject to further evidentiary development. If Plaintiff lacks evidentiary support for any of his factual contentions at this point Plaintiff should so respond.

Finally, Plaintiff's objection on the grounds that these interrogatories call for legal conclusions is not appropriate. "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to . . . the application of law to fact . . ." F. R. Civ. P. 33(a)(2). The fact at issue is the conduct that forms the basis of the Complaint. Plaintiff must provide those facts and, therefore, the information is not beyond Plaintiff's possession, custody, and/or control. Plaintiff must have had some information prior to filing her complaint, unless Plaintiff has violated Rule 11(b)(2).

**3. Plaintiff Should Be Compelled to Respond to Interrogatory No. 10.**

In Interrogatory No. 10, Buehnerkemper asks "List all of the damages claimed in the complaint, specifying the amount of damages claimed for each entry. Should the plaintiff assert that economic and non-economic damages are ongoing and a total amount is incalculable at this date in time, please provide the most current calculation with respect to each specific damage claimed." Ex. 1. Plaintiff responded "Objection to the extent that this request is overly broad and unduly burdensome. Damages are ongoing." Ex. 2. Then Plaintiff provided a long laundry list of generalized damages that lack any meaning whatsoever. This was entirely non-responsive.

Plaintiff has an ongoing duty to supplement discovery. Rule 26(e). Thus, the contention that damages are ongoing has no bearing on responding to this interrogatory. Moreover, Plaintiff has a duty to mitigate damages. Without disclosing her damages, Buehnerkemper has no way of knowing whether Plaintiff has attempted to mitigate her damages. Plaintiff must have the most current calculation of damages available and would have made some damage calculation before bringing this lawsuit. A response to this request is required. *See also* Fed Rule of Civil Procedure 26(a)(1)(A)(iii).

**4. Plaintiff Should Be Compelled to Respond to Interrogatories Nos. 11 and 12.**

In Interrogatory No. 11, Buehnerkemper asks "State the fee arrangement between plaintiff and each of her attorneys. In responding to this interrogatory, be specific in the terms of the fee agreement and contractual provisions and to which attorney each refers. If this is a contingency agreement, state the hourly rate that your attorney will charge the defendant, should you prevail and be awarded attorney's fees pursuant to 42 U.S.C.

§1988. If this fee is more than the hourly rate the attorney customarily charges his clients, state the bases upon which the attorney will rely for this adjustment." Ex. 1. Plaintiff responded "Objection to the extent that this request is overly broad, unduly burdensome, not likely to lead to the discovery of admissible evidence, and requests privileged documents. Subject to objection, if necessary, Plaintiff will provide this information prior to trial." This was entirely non-responsive.

In Interrogatory No. 12, Buehnerkemper asks "State the contractual hourly fee each attorney representing plaintiff regularly and customarily charges their clients. For each such response, state to which attorney you are referring and the type of law for which this payment was made." Ex. 1. Plaintiff's response was identical to her response in Interrogatory No. 11.

As noted *supra*, Plaintiff requested costs in her complaint. These interrogatories are relevant to her request. Fee arrangements are not privileged. Plaintiff does not get to dictate the timing of the disclosure of this information. Moreover, despite the fact no privilege log was produced, there is no attorney-client privilege with respect to the contractual hourly fee each attorney representing plaintiff regularly and customarily charges their clients. A response to both of these interrogatories should be compelled.

## CONCLUSION

WHEREFORE, for the above and forgoing reasons, Defendant Buehnerkemper asks this Court to enter an order

A) compelling Plaintiff to produce the following:

1. Documents requested in Request to Produce Nos. 1, 2, 3, 4, 7, 8, 10, 11, 14, 15, 16, 18, 19, 20, 21, 22, 23 and 24 and or provide a detailed privilege log.

2. Documents requested in Request to Produce No. 19 or strike Plaintiff's requests for costs and fees.
3. Documents requested in Request to Produce No. 20 or strike Plaintiff's requests for costs and fees.
4. Documents requested in Request to Produce No. 21 or strike Plaintiff's requests for costs and fees.

B) compelling Plaintiff to respond to the following:

1. Respond to Interrogatory No. 1.
2. Respond to Interrogatory Nos. 2, 3, 4, 5, 6, 7, and 8.
3. Respond to Interrogatory No. 10.
4. Respond to Interrogatory Nos. 11 and 12.

C) ordering Plaintiff not to employ documents at depositions which have been requested by Defendant but not produced and

D) any other such relief as this Court deems just and proper given Plaintiff's failure to respond to discovery.

Respectfully submitted,

RYAN BUEHNERKEMPER,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant,

By: s/Rex Gradeless
Rex L. Gradeless #6303411
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 785-8541
Facsimile: (217) 524-5091
rgradeless@atg.state.il.us

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2013, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David Blunt
nicoleb@bluntlaw.com

Karin L. Anderson
kanderson@okgc.com

and I hereby certify that on February 4, 2013, I mailed by United States Postal Service, the document to the following non-registered participant:

None

Respectfully submitted,

s/ Rex Gradeless

Rex L. Gradeless, #6303411
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Phone: (217) 785-8541
Fax: (217) 524-5091
E-Mail: rgradeless@atg.state.il.us