IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SUSAN STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-cv-3162 |
| | ) |
| DEWITT COUNTY, ILLINOIS; et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT RYAN
BUEHNERKEMPER'S MOTION TO COMPEL**

Comes now Plaintiff, Susan Stevens, by and through her attorneys, Blunt Slocomb, Ltd., and for her Response to Defendant Ryan Buehnerkemper's Motion for Compel, states as follows:

**BACKGROUND FACTS**

1.  Defendant served Plaintiff with his Interrogatories and Requests for Production. The Requests for Production contained multiple redundant requests, many of which that asked for privileged, irrelevant, and otherwise objectionable documents. The Interrogatories contained multiple redundant questions, many of which were overly broad, unduly burdensome, irrelevant, and otherwise objectionable.

2.  On January 25, 2013, Plaintiff served Defendant with her responses to the aforementioned documents. The answers contained full and complete answers, and, where appropriate, lodged proper objections.

3.  On January 30, 2013, Defendant's counsel Rex Gradeless called Plaintiff's counsel to request permission to file an untimely amended answer and affirmative

1

defense. Plaintiff's counsel granted the permission in good faith. A discussion was also held concerning answers to the aforementioned discovery. Defendant's counsel was told that Plaintiff would be providing Defendant with supplemental responses that would alleviate most of Defendant's counsel's concerns. However, less than two days after the conversation, Defendant filed his Motion to Compel.

4. On February 19, 2013, Plaintiff served Defendant with her supplemental answers, noting documents which were produced to Defendant subsequent to his Motion to Compel and withdrawing many of her objections. Specifically, Plaintiff withdrew her objections to Requests for Production 1, 2, 3, 4, 7, 8, 10, 11, 14, 15, 16, 18, 19, 22 and 23. Plaintiff also provided supplemental answers to Defendant's interrogatories 11 and 12. Curiously, Defendant pushed for response to Interrogatory 11 even though Plaintiff answered the question under oath during her deposition prior to Defendant's Motion to Compel.

5. The remainder of Requests for Production and Interrogatories sought in Defendant's motion to compel seek information that is irrelevant, not likely to led to the discovery of admissible evidence, unduly burdensome, over-reaching, overly broad, and privileged. Several of Defendant's interrogatories are improper, overly broad, unduly burdensome and irrelevant contention interrogatories. Nevertheless, Plaintiff provided full and complete answers to these contention interrogatories. Curiously, Defendant also sought the specific names, driver's license numbers, and dates of birth of Plaintiff's attorneys that assisted in completing the discovery answers. This information is entirely irrelevant to Plaintiff's claims.

**ARGUMENT**

**A. Plaintiff Has Withdrawn Several Objections to Defendants Requests for Production and Interrogatories and Has Provided Defendant with Supplemental Responses.**

As was told to Defendant's counsel via telephone on January 30, 2013, Plaintiff has withdrawn her objections to Defendant's Requests for Production 1, 2, 3, 4, 7, 8, 10, 11, 14, 15, 16, 18, 19, 22 and 23, as well as objections to Defendant's Interrogatories 11 and 12. Plaintiff provided supplemental responses to Defendant. All responsive documents had been previously produced to Defendant or were already in Defendant's possession (i.e. evidenced by Defendant having previously produced those documents to Plaintiff.)

**B. Requests for Production**

    **1. Defendant's Requests for Production 19, 20, 21, and 24 Request Privileged Information That is Also Unduly Burdensome and Not Likely to Lead to the Discovery of Admissible Evidence.**

In Requests for Production 19, 20, and 21, Defendant is requesting on-going "accountings of the time plaintiff's attorney claims is attributable to this litigation," and "true and accurate copies of all costs and expenses incurred by the plaintiff or any law firm that has represented it [sic] as a result of prosecuting the case at bar," as well as related documents.

The crux of Defendant's argument is his brief is that attorneys' fees are not privileged. However, the fee arrangement that Plaintiff has with her attorneys has been made clear to Defendants. In both Plaintiff's deposition as well as her supplemental answers to interrogatories, Plaintiff has disclosed that she has a 33% contingency agreement with her attorneys, and they are not being paid fees on an hourly basis.

On-going calculations of attorney time and case expenses would take several hours each time Plaintiff were to make such requested accountings. These accountings and case expenses are on-going on a daily basis as Plaintiff's attorneys work on the case and occur expenses. The accountings of time and costs associated with Plaintiff's claim at several, specific points of time mid-litigation are irrelevant and have no bearing on the claims brought by Plaintiff. Further, on-going accountings could prejudice Plaintiff in that it would interfere with strategic decisions and actions by Plaintiff's attorneys that are privileged attorney work product. No case cited by Defendant require a plaintiff to provide on-going accountings of time and expenses, and certainly not mid-litigation. (It is notable that the cases cited by Defendant ruled that attorneys' fees **were** privileged in that they were considered communications.) The Federal Rules also do not require any such on-going accountings.

Plaintiff objected to such requests as "overly broad, unduly burdensome, not likely to lead to the discovery of admissible evidence, and requests privileged documents." In her answer, Plaintiff also stated that "if necessary these documents will be provided prior to trial." In the alternative, any burdensome, specific accountings of time and expenses are more reasonable and appropriately calculated at a date closer to trial. Also, any privilege log would be equally burdensome and irrelevant should Plaintiff provide such documents at the reasonable and appropriate time.

**C. Interrogatories**

    **1.** **Defendant's Interrogatory 1 Requests Personal Information of Plaintiff's Attorneys that is Irrelevant and Not Likely to Lead to the Discovery of Admissible Evidence.**

4

Interrogatory 1 requests the names and personal information (including drivers license numbers and dates of birth) of all persons who drafted and assisted in the drafting of the responses. Although it perplexes Plaintiff as to how her drivers license number has any bearing on this case, it was provided as well as her name and date of birth. Plaintiff also stated that she was assisted by her attorneys. According to his brief, Defendant brings his motion to compel pursuant to this interrogatory because "Plaintiff responded, inter alia, 'and her attorneys' without providing names, addresses, dates of birth, and driver's license numbers." Defendant is well aware of the firm and attorneys representing Plaintiff in this matter. Additional personal information of her attorneys is inappropriate, completely irrelevant, and not likely to lead to the discovery of admissible evidence. The personal information of Plaintiff's attorneys have no bearing on this case whatsoever.

**2. Despite Defendant's Requests of Improper Contention Interrogatories, Plaintiff Has Issued Detailed Responses.**

Defendant's interrogatories 2 through 8 request improper contention interrogatories that are overly broad, over-reaching, and unduly burdensome. They list several broad allegations of Defendant's wrongdoing, and request Plaintiff to state "all of the facts that support these claims and the names of the person or persons who will testify for each of these facts." The case at bar is extensive and includes tens of thousands of pages of discovery and multiple witnesses. It is completely unreasonable to request for Plaintiff to anticipate "all of the facts" that will be used at trial to support her claims. Requesting this as well as a list of all persons testifying along with all facts that each person will testify is an abuse of written discovery, overly broad, and unduly burdensome.

Nevertheless, Plaintiff gave detailed responses to these interrogatories, stating in part:

> [S]ee factual allegations and counts in Plaintiff's Amended Complaint filed on October 31, 2011. See all documents and items produced to Defendants by Plaintiff and to Plaintiff by Defendants. See all pleadings and discovery documents. Plaintiff reserves the right to elicit testimony at trial from each witness disclosed by Plaintiff and Defendant, each individual named in any pleadings or discovery by Plaintiff and Defendants, any person named in any deposition, document, or other item that has been produced by any party to this lawsuit. See responses to Defendant Buehnerkemper's First Request for Plaintiff to Request Documents.

Plaintiff's claims against Defendant are consistent with those alleged in the Amended Complaint and supporting documentation obtained through pleadings and discovery. Defendant is well aware of Plaintiff's claims. Also, these claims were extensively litigated and briefed at this 12(b)(6) stage of this litigation. These interrogatories are unduly burdensome, overly broad, and designed to harass Plaintiff. Generally, Defendant is well aware that Plaintiff brings her claims that Defendant's improper investigation, interrogation, arrest, imprisonment and prosecution of Plaintiff were done even though no credible evidence was accumulated that any money was missing or that any crime was committed by Plaintiff whatsoever. The fact that no credible evidence was accumulated requires a review of all documents used by Defendant and produced in this case.

Defendant has produced approximately 30,000 pages of discovery in this case (many arranged in no logical order) regarding his investigation. Further, Defendant Kathy Weiss has produced approximately 15,000 documents. Defendant has made no motion for a more definite statement in Plaintiff's Amended Complaint. Plaintiffs answers to these interrogatories points Defendant to the extensive facts underlying her

6

claims. The fact that that every document produced contains "facts that support these claims" does not mean that Plaintiff has failed to respond appropriately to Defendant's burdensome contention interrogatories. The names of each person who will testify to these facts has been disclosed to Defendant in Plaintiff's initial disclosures, and are contained in such aforementioned documents.

### 3.     Defendant Requests A Premature and Unobtainable Calculation of Damages as Plaintiff's Damages are Ongoing.

Defendant requests an on-going calculation of damages that is premature and incalculable due to the fact that Plaintiff's damages are ongoing. Plaintiff continues to be damaged each day due to actions of Defendant that led to this lawsuit. Requiring Plaintiff to calculate these damages, mid-litigation, as well as to regularly supplement these requests throughout the litigation would be unduly burdensome, and the interrogatory is designed to harass Plaintiff. Further, the costs associated with Plaintiff's claim at several, specific points of time mid-litigation are irrelevant and have no bearing on the claims brought by Plaintiff.

Plaintiff has provided for Defendants a list of the categories of damages that are being brought by Plaintiff. Plaintiff has also provided a detailed list of employers for which Plaintiff has worked since her dismissal from her job with DeWitt County, which includes contact information, dates, hours, and rate of pay per hour. Defendant claims that without premature amounts associated with these categories, he cannot adequately assess whether Plaintiff is mitigating her damages. However, this assertion is nonsensical. There is no way that premature and ongoing calculations of Plaintiff's damages, mid-litigation, can have any bearing or provide any evidence as to whether Plaintiff is mitigating her damages. Defendant has been made aware of the categories of

damages claimed by Plaintiff and can accumulate any alleged mitigation evidence accordingly.

As Defendant stated in his brief, "Plaintiff has an ongoing duty to supplement discovery. Rule 26(e)." Requiring Plaintiff to regularly calculate her damages mid-litigation is unduly burdensome. Further, a calculation at several, specific times -- mid-litigation -- is irrelevant and not likely to lead to the discovery of admissible evidence of any question before the jury. Defendant has been made aware of the categories of on-going damages that will be sought by Plaintiff at trial. Any specific amounts are more reasonable and appropriate to be calculated at a date closer to trial.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Compel be denied.

Respectfully submitted,

/s/ David L. Blunt
David L. Blunt #0237477
Paul Slocomb #39749
Michael G. Burnworth #06188619
Blunt Slocomb, Ltd.
60 Edwardsville Professional Park
P.O. Box 373
Edwardsville, IL 62025
618-656-7744
618-656-7849 (fax)

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and accurate copy of the foregoing document, Plaintiff's Response to Defendant Ryan Buehnerkemper's Motion to Compel was sent via mail and email on this 19TH day of February, 2013 to the following individuals:

Karen Anderson
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062

Mr. Rex Gradeless
Assistant Attorney General
500 S. Second St.
Springfield, IL 62706

/s/ David L. Blunt
David L. Blunt #0237477
Paul T. Slocomb #6226129
Blunt Slocomb, Ltd.
60 Edwardsville Professional Park
P.O. Box 373
Edwardsville, IL 62025
618-656-7744
618-656-7849 (fax)