# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| SUSAN STEVENS, | ) |
| Plaintiff, | ) |
| v. | ) No. 11-cv-3162 |
| DEWITT COUNTY, ILLINOIS, et al., | ) |
| Defendants. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Ryan Buehnerkemper's Motion to Compel (d/e 48) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Plaintiff Susan Stevens alleges claims under 42 U.S.C. § 1983 against Buehnerkemper and other defendants arising from her arrest and detention in connect with criminal charges brought against her in DeWitt County, Illinois. The criminal charges were eventually dropped. See Opinion entered March 28, 2012 (d/e 39) (Opinion 39), at 2-7 for a detailed discussion of Stevens' allegations.

On December 19, 2012, Buehnerkemper served Stevens with his First Request to Produce Documents (Request to Produce) and his First Interrogatories Directed to Plaintiff (Interrogatories).  <u>Memorandum of Law in Support of Motion to Compel (d/e 49) (Memorandum)</u>, Exhibit 1, <u>Request to Produce</u> and <u>Interrogatories</u>.  Stevens responded on January 25, 2013.  <u>Memorandum</u>, Exhibit 2, <u>Plaintiff's Responses to Defendant Ryan Buehnerkemper's Request for Documents, Objects or Tangible Things (Response to Request to Produce)</u>, and <u>Response to Defendant Buehnerkemper's First Interrogatories Directed to Plaintiff (Answers to Interrogatories)</u>.

Stevens objected to certain requests to produce and interrogatories.  The parties conferred to resolve the objections.  The parties dispute the substance of their efforts to resolve the dispute.  Buehnerkemper then filed the Motion on February 4, 2013.  On February 19, 2013, Stevens served supplemental responses to the Request to Produce and Interrogatories.  The supplemental responses resolved some of the dispute.  Buehnerkemper still seeks an order to compel responses to Requests to Produce Nos. 19, 20, and 21, and to Interrogatories Nos.  2-8, 10, and 11.  <u>Defendant's Reply to Plaintiff's Response to Defendant's Motion to Compel (d/e 52) (Reply)</u>, at 8.

ANALYSIS

A. <u>Requests to Produce Nos. 19, 20, and 21, and Interrogatory No. 11</u>

Request to Produce Nos. 19, 20, and 21 are as follows:

19.   All accountings of time plaintiff's attorney claims is attributable to this litigation.  In responding, plaintiff need not identify the subject matter of the hours claimed.

**RESPONSE:**

20.   True and accurate copies of all costs and expenses incurred by the plaintiff or any law firm that has represented it (sic) as a result of prosecuting the case at bar.

**RESPONSE:**

21.   True and accurate copies of all contracts that plaintiff has with any attorney representing it (sic) in the case at bar.

**RESPONSE:**

<u>Request to Produce</u>, at 6.  Interrogatory No. 11 states:

11.   State the fee arrangement between plaintiff and each of her attorneys.  In responding to this interrogatory, be specific in the terms of the fee agreement and contractual provisions and to which attorney each refers.  If this is a contingency agreement, state the hourly rate that your attorney will charge the defendant, should you prevail and be awarded attorney's fees pursuant to 42 U.S.C. § 1988.  If this fee is more than the hourly rate the attorney customarily charges his clients, state the bases upon which the attorney will rely for this adjustment.

**RESPONSE:**

<u>Interrogatories</u>, at 4.  Stevens objected to these discovery requests as unduly burdensome and on relevance grounds.  <u>Response to Request to</u>

Produce, Response Nos. 19, 20, and 21; Answers to Interrogatories, Answer No. 11.  Stevens, however, provided information about the fee arrangement at her deposition.  Plaintiff's Response to Defendant Ryan Buehnerkemper's Motion to Compel (d/e 51), at 2.  Buehnerkemper asks the Court to require Stevens to disclose the hourly rate her attorney will charge in a fee request under § 1988 in the event she is the prevailing party.  Reply, at 8.

    The Court sustains the relevance objections to these discovery requests.  The scope of relevance in discovery encompasses, "any nonprivileged matter that is relevant to a claim or defense."  Fed. R. Civ. P. 26(b)(1).  Furthermore, "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  Stevens claims that Buehnerkemper violated her constitutional rights and subjected her to malicious prosecution in violation of Illinois law.  See Opinion 39, at 9-26.  Information about Stevens' litigation costs and expenses, including her attorney's activities and fees, is not relevant to these claims or any defenses, and is not reasonably calculated to lead to discovery of admissible evidence about these claims or defenses.   The objection is therefore sustained.

Buehnerkemper argues that this information is discoverable because Stevens may be entitled to recover costs if she prevails on any one of her claims, and may be entitled to recover attorney fees if she prevails on her § 1983 claims.  28 U.S.C. §§ 1920, 1988; Fed. R. Civ. P. 54(d); Local Rule 54.1.  The Court disagrees.  Costs and attorney fees are statutory awards to prevailing parties in certain circumstances; they are not part of the claims or defenses at issue in a case.   Stevens' claims are based on rights under the Constitution and § 1983, and Illinois law.  Information about her costs and attorney fees is not relevant under Rule 26(b).

Stevens' costs and attorney fees will only become relevant if and when she becomes a prevailing party.  See Johnson v. Bridges of Indiana, Inc., 2011 WL 977561, at *2 (S.D. Ind. March 17, 2011).  If she is the prevailing party, she will be required to follow the statutes and rules in seeking costs and fees and provide appropriate supporting material. Buehnerkemper will then have an opportunity to challenge those requests at that time, again, only if Stevens prevails.  See 28 U.S.C. §§ 1920, 1988; Fed. R. Civ. P. 54(d); Local Rule 54.1.   At this point, however, information about her costs and attorney fees is not relevant to her claims or to defenses to those claims, and is not reasonably calculated to lead to

admissible evidence.  The relevance objections to Request to Produce Nos. 19, 20, and 21and Interrogatory No. 11 are sustained.

B. Interrogatories Nos. 2-8

Interrogatories Nos. 2-8 are as follows:

2. In Count I and Count II of the complaint, plaintiff has brought a fourth amendment claim for alleged false arrest and false imprisonment pursuant to 42 U.S.C. §1983. State all of the facts that support these claims and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**

3. In addition to Counts I and II of the complaint, plaintiff alleges Buehnerkemper deprived Plaintiff of her liberty without due process of law by arresting her, taking her into custody, and holding her against her will; state all of the facts that support these claims and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**

4, In addition to Counts I and II of the complaint, plaintiff alleges Buehnerkemper made an unreasonable search and seizure of Plaintiffs property without due process of law; state all of the facts that support these claims and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**

5. In addition to Counts I and II of the complaint, plaintiff alleges Buehnerkemper conspired with the other Defendants for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of the laws; state all of the facts that support these claims, the names of all the alleged conspirators, what each of those persons did to allegedly conspire, when the alleged acts of conspiracy

occurred, where the alleged acts of the conspiracy occurred, and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**

6. In addition to Counts I and II of the complaint, plaintiff alleges Buehnerkemper refused or neglected to prevent such deprivations (outlined in interrogatories 2-4), thereby depriving Plaintiff of her rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution; state all of the facts that support these claims and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**

7. In Count III, plaintiff brings a state law malicious prosecution claim against Defendant Buehnerkemper; state all of the facts that support these claims and the names of the person or persons who will testify to each of these facts.

**RESPONSE:**

8. List all other facts that are not in the complaint that plaintiff will rely upon in support of her claims.

**RESPONSE:**

Interrogatories, at 1-3.

Stevens objects on the grounds that the requests are premature, seek attorney work product, and ask for legal conclusions. Answers to Interrogatories, Answers No. 2-8. Stevens further argues that Interrogatories Nos. 2-8 are improper contention interrogatories and are

unduly burdensome.  Plaintiff's Response to Defendant Ryan Buehnerkemper's Motion to Compel (d/e 51), at 5.

The Court sustains the objections in part.  Interrogatories may ask "for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2).  Thus, Buehnerkemper may propound contention interrogatories, and Stevens' objections regarding work product and legal conclusions are overruled.  Stevens' objection that the interrogatories are premature is now moot because fact discovery has closed.  Id.; Text Order entered January 10, 2013.

Stevens' complaints that the interrogatories are overly broad and unduly burdensome, however, have merit.  Interrogatory No. 8 is overly broad and cumulative to the other interrogatories.  Stevens' objection to Interrogatory No. 8 is sustained.  Interrogatory No. 5 seeks information on a dismissed claim and, thus, is unduly burdensome.  Interrogatory No. 5 asks for facts to support contentions regarding Stevens' equal protection claim.  The District Court dismissed the equal protection claim against Buehnerkemper.  Opinion 39, at 14-16.  The objection to Interrogatory No. 5 is sustained.

Interrogatories Nos. 2, 3, 4, 6, and 7 are unduly burdensome to the extent that they would require Stevens to sift through the voluminous

materials produced in discovery to cite all facts that support each claim and each and every witness who may testify about any portion of each claim. See IBP, Inc. v Mercantile Bank of Topeka, 179 F.R.D. 316, 322-23 (D. Kan. 1998); American Needle, Inc. v. New Orleans, 2012 WL 4327395, at *2 (N.D. Ill. August 17, 2012).  The Court, therefore, sustains the objection in part.  Stevens is directed to provide supplemental answers to Interrogatories Nos. 2, 3, 4, 6, and 7 in which she sets forth in each answer the principal or material facts which support the claim identified in the Interrogatory and discloses the principal or material witnesses that she may call at trial regarding the claim.  See IBP, Inc., 179 F.R.D. at 323.

   C. Interrogatory No. 10

      Interrogatory No. 10 states as follows:

> 10.   List all of the damages claimed in the complaint, specifying the amount of damages claimed for each entry. Should the plaintiff assert that economic and non-economic damages are ongoing and a total amount is incalculable at this date in time, please provide the most current calculation with respect to each specific damage claimed.

   **RESPONSE:**

Interrogatories, at 4.  In response, Stevens objected to the interrogatory as overly broad and unduly burdensome.  Stevens further provided a list of category of damages but no calculations of the amount of damages in any category.  Answers to Interrogatories, Answer No. 10.

The objection is overruled with respect to economic damages. The request for a computation of damages that are capable of computation is not unduly burdensome or overly broad. Some damage categories are not capable of computation, such as pain and suffering and other noneconomic damages. Those are for the trier of fact to decide. Stevens is not required to provide a computation of these categories of damages.

Economic damages, however, are capable of computation. A request for a calculation of these damages is not unduly burdensome. Stevens was required to provide a computation of each category of damages in her initial disclosures, and is obligated to supplement those disclosures during discovery. Fed. R. Civ. P. 26(a)(1)(A)(iii) and 26(e). Requesting an update of this information, therefore, is not unreasonable.

Stevens states in her response to Interrogatory No. 10 that she is seeking lost wages, profits, and salary, including overtime and supplemental income she was earning; past lost benefits; future lost wages, earnings, profits, and salary, including overtime and supplemental income; future lost benefits; damage to personal property; and out of pocket expenses. Discovery is closed, so Stevens should know how she intends to prove each of these categories of economic damages. Each of these categories is capable of computation as of a date certain.

3:11-cv-03162-SEM-BGC   # 53   Page 11 of 11

The Court, therefore, overrules Stevens' objections to Interrogatory No. 10 to the extent that Stevens must provide a supplemental answer to the Interrogatory in which she sets forth a computation of the amount of damages claimed for each of the categories of economic damages listed in the previous paragraph as of March 1, 2013.

WHEREFORE Defendant Ryan Buehnerkemper's Motion to Compel (d/e 48) is ALLOWED in part and DENIED in part. Plaintiff Susan Stevens is directed to provide the supplemental answers to Interrogatories Nos. 2, 3, 4, 6, 7, and 10 in accordance with this Opinion by March 18, 2013. The remainder of the Motion is denied.

ENTER: March 6, 2013

*s/ Byron G. Cudmore*
UNITED STATES MAGISTRATE JUDGE
