IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SUSAN STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  11-3162 |
| | ) | |
| DEWITT COUNTY, ILLINOIS; | ) | |
| KATHY WEISS, in her official | ) | |
| and individual capacities; | ) | |
| ANDREW KILLIAN, in his | ) | |
| official and individual capacities; | ) | |
| RYAN BUEHNERKEMPER, in | ) | |
| his official and individual | ) | |
| capacities; and DICK KORITZ, | ) | |
| in his official and individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Plaintiff's Objections to

Defendants' Bill of Costs (d/e 87).  Plaintiff objects to the Bill of Costs

filed by Defendants De Witt County, Kathy Weiss, Andrew Killian, and

Dick Koritz (the DeWitt County Defendants) (d/e 85) and Defendant

Ryan Buehnerkemper (d/e 86).  Because some of the costs Defendants seek are not reasonable, the Objection is GRANTED IN PART.

## I. BACKGROUND

On September 5, 2013, this Court entered judgment in favor of Defendants Ryan Buehnerkemper and Kathy Weiss and against Plaintiff Susan Stevens on Counts I and II.  The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claim and dismissed Count III without prejudice.  The Judgment also reflects that Defendants Killian, Koritz, and DeWitt County were dismissed with prejudice on March 28, 2012.

On September 10, 2013, Defendants Buehnerkemper and the DeWitt County Defendants filed separate Bills of Costs.  See d/e 85, 86.  Defendant Buehnerkemper sought $2,543.45 in costs related to deposition transcripts.  The DeWitt County Defendants sought $2,489.95 in costs related to deposition transcripts.  On September 24, 2014, Plaintiff filed her Objections to Defendants' Bills of Costs.

## II. ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees – should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed.R.Civ.P. 54(d)(1). When determining whether to tax costs against the non-prevailing party, a court must determine whether the cost is recoverable and, if so, whether the amount sought is reasonable and necessary. See Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).

The losing party bears the burden of showing that the prevailing party is not entitled to costs. M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991). "[T]here is a strong presumption that costs will be awarded to the prevailing party." U.S. Neurosurgical, Inc. v. City of Chicago, 572 F.3d 325, 333 (7th Cir. 2009). This presumption is difficult to overcome. Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988). Furthermore, although a district court has discretion when awarding costs, that discretion is "narrowly confined." Congregation of the

Passion, 854 F.2d at 222 ("[T]he district court must award costs unless it states good reasons for denying them").

In this case, no federal statute, rule, or court order provides that Defendants cannot recover their costs. Moreover, the Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." Mother and Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003).

In her Objections to Defendants' Bill of Costs, Plaintiff does not argue she is indigent. Instead, Plaintiff argues this Court should deny Defendants their costs (1) under the doctrine of unclean hands; (2) because Plaintiff had strong evidence and she should not be penalized by having to incur Defendants' costs; and (3) due to Defendants' misconduct during the course of the litigation.

A.     Plaintiff Has Not Met Her Burden of Showing Defendants Are Not Entitled to Costs

Plaintiff first argues that Defendants' underlying conduct that was the basis for Plaintiff's lawsuit – Defendants making false statements to

secure Plaintiff's arrest –warrants denying Defendants costs.  In support thereof, Plaintiff cites a Third Circuit case for the proposition that a court can deny costs based on the prevailing parties' unclean hands.  <u>See</u> Plaintiff's Objections, p. 2 (d/e 87), citing <u>In re Paoli R.R. Yard PCB Litig.</u>, 221 F.3d 449, 463 (3d Cir. 2000).

In <u>Paoli</u>, the Third Circuit noted that one factor in determining whether to award costs to a prevailing party is "the unclean hands, or bad faith or dilatory tactics, of the prevailing party."  <u>Paoli</u>, 221 F.3d at 463. While the "unclean hands factor" was not implicated in <u>Paoli</u>, the court noted that the factor applied to "the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings."  <u>Paoli</u>, 221 F.3d at 468.

The <u>Paoli</u> decision is not controlling in this Circuit and also does not support Plaintiff's position.  Plaintiff argues Defendants are not entitled to costs because of the conduct that led to Plaintiff filing suit. <u>See</u> Objection, p. 2-4.  However, the "unclean hands factor" identified in <u>Paoli</u> focuses on the prevailing party's conduct *during* the litigation.

Therefore, even if the Paoli applied in this Circuit, Plaintiff has not demonstrated that Defendants should be denied costs due to their "unclean hands."

Plaintiff next argues that because she had strong evidence in support of her claims, she should not be penalized by having to incur Defendants' taxable expenses. Essentially, Plaintiff asserts that because she had a good faith claim, Defendants should not be awarded costs.

However, the Seventh Circuit has held that a non-prevailing party's good faith in bringing the lawsuit does not overcome the presumption that the prevailing party is entitled to costs.[1] Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 221 (7th Cir. 1988) (finding that good faith of the unsuccessful party is not sufficient to overcome the presumption in favor of costs); see also Delta Air Lines, Inc. v. Colbert, 692 F.2d 489, 490 (7th Cir. 1982) ("The losing party's good faith and proper conduct of the litigation is not

---

[1] Good faith is a factor when a non-prevailing party claims indigence. See Rivera v. City of Chicago, 469 F.3d 631, 635 (7th Cir. 2006) (finding that when considering whether to hold an indigent party liable for costs, the court first determines whether the party is incapable of paying costs now or in the future and then considers "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case").

enough [citation] and in the decisions upholding refusal of costs there has been some fault, misconduct, default, or action worthy of a penalty on the part of the prevailing side."); Popeil Bros., Inc. v. Schick Elec., Inc., 516 F.2d 772, 776 (7th Cir. 1975) ("If the awarding of costs would be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d) would have little substance remaining."); but see Chicago Sugar co. v. American Sugar Ref. Co., 176 F.2d 1, 11 (7th Cir. 1949) (noting that in the absence of bad faith, costs should be awarded "except where it is clear that the action was brought in good faith, involving issues as to which the law is in doubt" in which case the court may in its discretion require each party to bear his, her or its own costs).

Plaintiff's final argument is that costs should be denied due to Defendants' misconduct during the litigation. See Plaintiff's Objection, p. 5. Plaintiff cites only to Defendant Weiss filing an "unfounded motion for sanctions" against Plaintiff prior to filing the motion for summary judgment. Plaintiff asserts that the Motion for Sanctions, which the Court denied, forced Plaintiff to incur substantial costs of her

own. Therefore, according to Plaintiff, she should not have to pay all of the Defendants' costs.

In the Seventh Circuit, the denial of costs in whole or in part to the prevailing party "is in the nature of a penalty for some defection on his part, in the course of the litigation, as for example, by calling unnecessary witnesses, bringing in unnecessary issues or otherwise encumbering the record; or by delaying in raising objection fatal to the plaintiff's claim." <u>Chicago Sugar Co.</u>, 176 F.2d at 11. In such cases, the prevailing party is denied costs because he needlessly prolonged the litigation. <u>Id.</u>

In this case, although the Court denied Defendant Weiss's Motion for Sanctions, the Motion was not brought in bad faith and did not prolong the litigation. Therefore, Plaintiff has not overcome the presumption that Defendants are entitled to costs.

B.     Costs for Deposition Transcript Copies Are Not Reasonable

Having found that Defendants are entitled to costs, the Court must determine whether the expenses sought are allowable and whether the amounts sought are reasonable and necessary. <u>Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.</u>, 924 F.2d 633, 642 (7th Cir.

1991). Costs, as that term is used in Rule 54(d), are defined in 28 U.S.C. § 1920. Taniguchi v. Kan Pacific Saipan, Ltd., 132 S.Ct. 1997, 2001 (2012).

Defendant Buehnerkemper seeks recovery of costs for deposition transcripts, copies of exhibits for the depositions, postage/delivery charges for the transcripts, and an attendance fee to Plaintiff for her deposition. The DeWitt County Defendants seek to recover costs for deposition transcripts, copies of exhibits for the depositions, and postage/delivery charges for mailing the transcripts.

As is relevant to Defendants' Bill of Costs, a federal court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," witness fees, and fees for copies of materials where the copies are necessarily obtained for use in the case. 29 U.S.C. § 1920(2), (3), and (4); see also Corder v. Lucent Techs., Inc., 162 F.3d 924, 928-29 (7th Cir. 1998) (prevailing party may recover costs for deposition transcripts under § 1920(2)); Tchemkou v. Mukasey, 517 F.3d 506, 512 (7th Cir. 2008) (noting that the Seventh Circuit has construed § 1920 "to include amounts spent on filing fees, postage,

telephone calls and delivery charges"). Therefore, the expenses sought by Defendants are allowable. Moreover, the depositions and copies for which Defendants seek to recover costs were necessarily obtained for use in the case because they were reasonably necessary for the preparation of Defendant Weiss's and Defendant Buehnerkemper's motions for summary judgment. See Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455 (7th Cir. 1998).

However, some of the costs sought are not reasonable. Defendant Buehnerkemper seeks costs for deposition transcript copies charged at $1.65 per page (Weiss's deposition) and $1.95 per page (depositions of Buehnerkemper, Killian, Jerry Johnson, Koritz, Lori Berger, and Kent Kull). The DeWitt County Defendants seek costs for deposition transcript copies charged at $1.75 per page (Plaintiff, Defendant Weiss) and $1.95 per page (Buehnerkemper, Killian, Johnson, Koritz, Berger, and Kull).

The Court finds that the $1.65, $1.75 and $1.95 per page charges for a copy of a deposition transcript are not reasonable and exceed the rate set by the Judicial Conference of the United States, which is $.90

per page for the first copy of a transcript to each party.  See, e.g., Trading Technologies, Intern., Inc. v. eSpeed, Inc., 750 F. Supp. 2d 962, 975 (N.D. Ill. 2010); see also  Aebischer v. Stryker Corp., 2007 WL 1668065, at *5 (C.D. Ill. 2007) (noting that the court has accepted the Judicial Conference Rates as reasonable).  Therefore, the Court will reduce the costs accordingly.  The other costs sought are reasonable.

### III. CONCLUSION

For the reasons stated, Plaintiff's Objections to Defendants' Bill of Costs (d/e 87) is GRANTED IN PART.  The DeWitt County Defendants are awarded costs in the amount of $1,254.30.  Defendant Buehnerkemper is awarded costs in the amount of $1,479.95.

ENTER:  October 16, 2013

FOR THE COURT:

                                s/Sue E Myerscough
                               SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE